IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**CHIQUITA SHADWICK, Individually and**            **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.            No. 2:22-cv-1120

**NSH PORT WASHINGTON, LLC**            **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Chiquita Shadwick ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action ("Complaint") against Defendant NSH Port Washington, LLC ("Defendant"), states and alleges as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Wisconsin Wage Payment Law, Wis. Stat. § 109.01, *et seq.* (the "WWPL").

2. Plaintiff seeks a declaratory judgment, monetary and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper wages under the FLSA and the WWPL.

### II.     JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Wisconsin has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

Page 1 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action
Case 2:22-cv-01120-JPS    Filed 09/26/22    Page 1 of 10    Document 1

4. This Complaint also alleges violations of the WWPL, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's WWPL claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Milwaukee Division of the Eastern District of Wisconsin; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

6. Plaintiff is an individual and resident of Milwaukee County.

7. Defendant is a domestic limited liability company.

8. Defendant's registered agent for service of process is Jeffrey Hoehn at 640 North Vel R. Phillips Avenue, Suite 200, Milwaukee, Wisconsin 53203.

### IV. FACTUAL ALLEGATIONS

9. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as medical supplies and equipment.

10. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Complaint.

11. Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

Page 2 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action

Case 2:22-cv-01120-JPS   Filed 09/26/22   Page 2 of 10   Document 1

12. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

13. Defendant employed Plaintiff as a Nurse from June of 2019 until August of 2022.

14. Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA and paid her an hourly wage.

15. In addition to her hourly wage, Plaintiff earned an attendance bonus when she was not tardy and did not miss a day of work during the pay period.

16. Within the three years preceding the filing of this lawsuit, Defendant also employed other hourly-paid employees ("Hourly Employees") who earned attendance bonuses.

17. The attendance bonuses were based on objective and measurable criteria.

18. Plaintiff and other Hourly Employees expected to receive the attendance bonuses and did in fact receive the attendance bonuses on a regular basis.

19. The attendance bonuses constituted nondiscretionary bonuses paid to Plaintiff and other Hourly Employees.

20. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

21. While employed by Defendant, Plaintiff regularly worked over forty hours in a week.

22. Upon information and belief, other Hourly Employees also regularly or occasionally worked over forty hours in a week during their employment with Defendant.

Page 3 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action

Case 2:22-cv-01120-JPS   Filed 09/26/22   Page 3 of 10   Document 1

23. Defendant did not include the attendance bonuses in Plaintiff's and other Hourly Employees' regular rate when calculating their overtime pay.

24. In weeks in which Plaintiff and other Hourly Employees performed work related to earning an attendance bonus and worked hours over 40, Defendant did not pay Plaintiff and other Hourly Employees 1.5x their regular hourly rate for hours worked over 40 in that week.

25. Plaintiff and other Hourly Employees are entitled to 1.5x their regular hourly rate for hours worked over 40 each week.

26. Plaintiff incurred damages in each week in which she performed work related to earning an attendance bonus but in which Defendant did not adjust her regular rate to include the attendance bonus

27. For example, but without limitation, Plaintiff incurred damages in the pay period beginning March 24, 2022.

28. Plaintiff and other Hourly Employees tracked their time via Defendant's electronic timekeeping system.

29. Defendant knew or should have known that Plaintiff and other Hourly Employees worked hours over forty in at least some weeks.

30. At all relevant times, Defendant knew or should have known that the FLSA and WWPL applied to the operation of Defendants' business.

31. The net effect of Defendant's practices and policies regarding Plaintiff's bonuses and pay, as described above, is that Defendant intentionally avoided including the shift differential and attendance bonus in her regular rate to avoid paying her a proper overtime premium for hours worked over forty each week.

Page 4 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action

Case 2:22-cv-01120-JPS    Filed 09/26/22    Page 4 of 10    Document 1

32. Defendant made no reasonable efforts to ascertain and comply with applicable law.

33. Defendant knew or showed reckless disregard for whether the way it paid and failed to pay Plaintiff and other Hourly Employees violated the FLSA and the WWPL.

## V. REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Overtime premiums for all hours worked over forty each week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

35. Plaintiff proposes the following collective under the FLSA:

> **All Hourly Employees who earned a bonus in connection with work performed in at least one week in which they worked over forty hours in the past three years.**

36. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

37. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They earned attendance bonuses;

    B. They worked hours over forty in at least one week within the past three years in which they also performed work related to an attendance bonus; and

Page 5 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action

Case 2:22-cv-01120-JPS   Filed 09/26/22   Page 5 of 10   Document 1

C. The attendance bonuses were not included in their regular rate for purposes of calculating their overtime pay.

38. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 30 persons.

39. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

40. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

41. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA)

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

43. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

45. Defendant classified Plaintiff as nonexempt from the protection of the FLSA.

46. Defendant failed to pay Plaintiff a sufficient overtime premium for hours worked over 40 each week, despite her entitlement thereto.

47. Defendant knew or should have known that its actions violated the FLSA.

Page 6 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action

Case 2:22-cv-01120-JPS   Filed 09/26/22   Page 6 of 10   Document 1

48. Defendant's conduct and practices, as described above, were willful.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

52. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

53. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

Page 7 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action
Case 2:22-cv-01120-JPS   Filed 09/26/22   Page 7 of 10   Document 1

55. Defendant classified Plaintiff and other similarly situated employees as nonexempt from the provisions of the FLSA.

56. Defendant failed to pay Plaintiff and similarly situated employees a sufficient overtime premium for hours worked over 40 each week.

57. Defendant knew or should have known that its actions violated the FLSA.

58. Defendant's conduct and practices, as described above, were willful.

59. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

60. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

61. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, Plaintiff and the collective members are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the WWPL)

62. Plaintiff asserts this claim for damages and declaratory relief pursuant to the WWPL, Wis. Stat. § 109.01, *et seq.*

Page 8 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action

Case 2:22-cv-01120-JPS   Filed 09/26/22   Page 8 of 10   Document 1

63. Plaintiff is an "employee" within the meaning of the WPPL, Wis. Stat. § 109.01(1r).

64. Defendant is an "employer" within the meaning of the WPPL, Wis. Stat. § 109.01(2).

65. The WPPL requires employers to pay discharged employees all wages due on or before the next regular payday.

66. Plaintiff's employment was terminated and Defendant failed to pay her all wages due on or before the next regular payday.

67. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, and costs, including reasonable attorneys' fees.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chiquita Shadwick, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the WWPL and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the WWPL and their related regulations;

Page 9 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action

Case 2:22-cv-01120-JPS   Filed 09/26/22   Page 9 of 10   Document 1

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the WWPL and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHIQUITA SHADWICK, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 10 of 10
Chiquita Shadwick, et al. v. NSH Port Washington, LLC
U.S.D.C. (E.D. Wis.) No. 2:22-cv-1120
Original Complaint—Collective Action

Case 2:22-cv-01120-JPS   Filed 09/26/22   Page 10 of 10   Document 1